**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4685**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTWAN LAVERN GRAHAM, a/k/a Cookie Man,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-00504-TLW-1)

Submitted:  February 25, 2011        Decided:  March 18, 2011

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wallace H. Jordan, Jr., WALLACE H. JORDAN, JR., PC, Florence,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Lavern Graham, a/k/a "Cookie Man," pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2), and 924(e) (West 2000 & Supp. 2010). He was sentenced to 150 months of imprisonment. On appeal, he argues that the district court should have granted his motion to suppress the firearm found on his person. For the reasons that follow, we affirm.

We review a district court's factual findings underlying a motion to suppress for clear error and review its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we construe the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The district court conducted a thorough hearing on Graham's motion to suppress. The court listened to the testimony of the arresting officers, reviewed a video recording of the encounter several times, and carefully considered the parties' legal and factual arguments. Under these circumstances we cannot say that the district court abused its discretion in making its detailed factual findings, or committed reversible

2

error in its legal conclusions.  *Ornelas*, 517 U.S. at 699; *Rusher*, 966 F.2d at 873.

Accordingly, we affirm.  We dispense with oral argument as the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>